IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **CHRISTOPHER DOBRANSKY,** | § § | |
| Plaintiff | § § | Case No. 1:16-cv-1458 |
| -v- | § § § | |
| **CREDITORS SERVICE BUREAU OF NILES, INC.** | § § § § | |
| Defendant. | § | |

# COMPLAINT

## I. INTRODUCTION

1. Plaintiff Christopher Dobransky (hereafter "Plaintiff") brings this action to secure redress from unlawful collection practices engaged in by defendant Creditors Service Bureau of Niles, Inc. Plaintiff alleges violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 *et seq.* ("FDCPA").

## II. VENUE AND JURISDICTION

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," 47 U.S.C. §227(b)(3) and 28 U.S.C. §1331.

3. Venue is proper pursuant to 28 U.S.C. §1319(b)(2), as the acts giving rise to Plaintiff's cause of action occurred in this district, Plaintiff resides in this district, and Defendant transacts and conducts business in this district.

## III. PARTIES

4. Plaintiff is a natural person residing in Cass County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is a "consumer," "debtor" and "person" as the terms are defined and used in the MOC.

5. Defendant is a Michigan corporation, purportedly with offices located at 305 N. 3rd St., Niles MI 49120. The registered agent for Defendant is Mark Westveer at 305 N. 3rd St., Niles MI 49120.

1

6. Defendant uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. Defendant is a "debt collector" as the term is defined and used in the FDCPA. Defendant is licensed (No. 2402002851) by the State of Michigan to collect consumer debts in Michigan.

## IV. FACTUAL ALLEGATIONS

8. Plaintiff incurred debts for medical services with Lakeland Hospitals at Niles and St. Joseph ("Lakeland") as well as Berrien Regional Associates in Neurology ("BRAIN"). Any resulting obligation was incurred for personal, family, and household purposes and is a "debt" as the term is defined and used in the FDCPA.

9. The aforementioned medical providers claim that Plaintiff has failed to pay his debts and that his accounts are delinquent.

10. Plaintiff disputes the alleged debt.

11. Plaintiff refuses to pay the alleged debt.

12. Both Lakeland as well as BRAIN placed Plaintiff's accounts with Defendant for collection.

13. On February 11, 2016, Defendant sent Plaintiff a letter requesting payment of his account with BRAIN in the amount of $197.74. A copy of this letter is attached as exhibit 1.

14. Among other disclosures, the letter states that "CSB will assume this debt to be valid unless you dispute the validity of the debt, or any portion thereof, within 30 days after receipt of this notice. If you notify CSB, within this 30 day period that the debt, or any portion thereof, is disputed, we will obtain verification of that debt…".

15. Pursuant to 11 U.S.C. § 1692g requires that either on or within five days after the initial communication with a consumer in connection with the collection of a debt, a debt collector must send the customer a written notice containing a statement that if the consumer notifies the debtor <u>in writing</u> within the thirty day period that the debt or any portion thereof is disputed, the debt collector will obtain verification of the debt.

2

16. The verification notice requirement found in §1692g must state that a writing is require. If the dispute is not made in writing, the debt collector is under no obligation to obtain verification of the debt. *See* Jerman v. Carlisle, 130 U.S. 1605 (2010).

17. By failing to include the words "in writing" Defendant violated the FDCPA 15 U.S.C. §1692g.

18. Defendants sent Plaintiff a letter in an attempt to collect a debt owed to Lakeland on April 5, 2016. A copy of this letter is attached as exhibit 2.

19. The letter itemizes amounts being charged and includes $177.98 which is located under the heading Other, but no explanation as to what that charge is for.

20. Additionally, the letter demands $5.93 in interest charges.

21. Pursuant to 15 U.S.C. §1692f(1) a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt, including the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

22. The contract between Plaintiff and Lakeland, if there was one, does not provide for the collection of "other" costs or interest and Defendant's attempt to collect them is in violation of the FDCPA.

23. The acts and omissions of Defendant were done willfully and intentionally.

24. As an actual and proximate result of Defendant's acts and omissions, Plaintiff has suffered actual damages and injury for which he should be compensated in an amount to be established by jury at trial including but not limited to financial loss, fear, stress, mental anguish, emotional stress, embarrassment, and suffering, for which he should be compensated in an amount to be established by jury at trial.

## V. TRIAL BY JURY

25. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## IV. CLAIMS FOR RELIEF

26. Defendant has violated the FDCPA. Defendants violations of the FDCPA include, but are not limited to, the following:

3

    a. Defendant violated 15 U.S.C. §1692g by failing to adequately disclose Plaintiff's verification rights.

    b. Defendant violated 15 U.S.C. §1692f by using unfair practices in an attempt to collect a debt.

**Wherefore,** Plaintiff seeks judgment against Defendant for:

a) Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. §1692l(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

d) Such further relief as the court deems just and equitable.

| Dated: December 22, 2016 | Respectfully submitted:<br><br>__/s/_____<br>Jeffrey D. Mapes (P70509)<br>Jeffrey D. Mapes PLC<br>Attorneys for Plaintiff<br>29 Pearl St. NW, Ste. 305<br>Grand Rapids, MI 49503<br>Tel: (616) 719-3847<br>Fax: (616) 719-3857<br>jeff@mapesdebt.com |
|---|---|